# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ASHU JOSHI, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:21-CV-01253 JAR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Ashu Joshi's amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. 10). For the reasons set forth below, the Court will deny the motion without an evidentiary hearing. Joshi's motion for leave to amend his habeas petition to add a new basis for relief will also be denied. (Doc. 23).

## BACKGROUND

In October 2018, Joshi was charged with production, distribution, and receipt of child pornography (18 U.S.C. § 2251(a) and § 2252A(a)(2)) and transportation of a minor across state lines to engage in criminal sexual activity (18 U.S.C. § 2423(a)) in connection with his interactions with a 16-year-old girl from Kentucky ("M.D.").[1] He was 46 at the time. In a binding plea agreement pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., Joshi pleaded guilty to the distribution charge (Count III) and agreed to a sentence of 96 months in prison and restitution of $800,000. (Crim. Doc. 265). In exchange for his plea, the Government dismissed the remaining charges. Pursuant to the agreement, Joshi waived his rights to appeal as well as his rights to challenge the conviction except for claims of prosecutorial misconduct and ineffective assistance of counsel. He

---

[1] *United States v. Joshi*, Case No. 4:18-cr-00876-JAR.

also waived his right to obtain information about the Government's investigation pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552.  The agreement deferred to the Court to determine the terms of supervised release, with a duration anywhere between five years to life.  The agreement also stated that Joshi was fully satisfied with his counsel's representation and that his plea was voluntary.

At the guilty plea hearing, Joshi confirmed his satisfaction with counsel and his understanding of the plea agreement and associated waivers.  (Crim. Doc. 307).  He confirmed that the allegations set forth in the plea agreement were true and correct.  Based on Joshi's statements, the Court accepted his plea of guilty.  At a separate sentencing hearing, Joshi again admitted the facts set forth in the plea agreement and expressed remorse for his conduct.  (Crim. Doc. 308).  Pursuant to the plea agreement, the Court sentenced Joshi to 96 months in prison and ordered him to pay $800,000 in restitution.  After considering all the facts and circumstances of this particular case, and over defense counsel's objections, the Court ordered Joshi's prison sentence to be followed by a life term of supervised release.

Joshi timely filed and later amended a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, asserting five claims of ineffective assistance of counsel.  (Doc. 10).  As further discussed below, Joshi asserts that his lawyers were ineffective for: (1) failing to raise the argument that Mo. Rev. Stat. § 566.061 (criminalizing sex with a minor) is unconstitutional as applied to him because he and M.D. were purportedly married at the time in question; (2) failing to advise him of the possibility of a lifetime of supervised release; (3) failing to properly construe the statutory element of knowledge; (4) filing and later withdrawing a deficient pre-trial motion to dismiss arguing that the charges were unconstitutional; and (5) improperly advising Joshi to waive his FOIA rights.

After Joshi filed his habeas motion, M.D. filed a separate civil lawsuit against him seeking statutory and punitive damages under 18 U.S.C. § 2255.[2] In light of this lawsuit, Joshi seeks to amend his habeas motion to add a new claim of ineffectiveness based on his lawyers' failure to advise him of the possibility of civil liability as a consequence of his guilty plea.

## LEGAL STANDARDS

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek habeas relief "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In order to obtain relief under § 2255, a movant must establish a constitutional or federal statutory violation constituting "a fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003).

It is well-established that a petitioner's ineffective assistance of counsel claim is properly raised under § 2255 rather than on direct appeal. *United States v. Cordy,* 560 F.3d 808, 817 (8th Cir. 2009). The burden of demonstrating ineffective assistance of counsel is on the movant. *United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003).

To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient, and the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687–88 (1984). A movant must meet both prongs of the *Strickland* test. *Anderson v. United States,* 393 F.3d 749, 753 (8th Cir. 2005). The court's review of counsel's performance is "highly deferential," *Strickland*, 466 U.S. at 689, and the court presumes that "counsel's conduct falls within the wide range of reasonable professional

---

[2] *Dole v. Joshi*, Case No. 4:22-cv-712-SRC (E.D. Mo.).

assistance," *Anderson,* 393 F.3d at 753. To show prejudice in the plea context, "a defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985); *Matthews v. United States,* 114 F.3d 112, 114 (8th Cir. 1997).

The Court must hold an evidentiary hearing on a movant's habeas claims unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255(b). A movant is entitled to an evidentiary hearing when the facts alleged, if true, would entitle the movant to relief. *Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). The Court may dismiss a claim without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based. *Shaw v. United States*, 24 F.3d 1040, 1043 (8th Cir. 1994).

## DISCUSSION

**Constitutionality As Applied**

In November 2019, in the underlying case, Joshi's counsel filed a 12-page motion to dismiss the indictment (Crim. Doc. 118) containing argument and legal authority on five theories: (1) the charges were unconstitutional "as applied" to Joshi because he and M.D. were married at the time in question, and M.D. was old enough to consent under Kentucky law. Ky. Rev. Stat. § 510.020; (2) the charges were unconstitutional because the federal criminal statutes at issue did not contain an exception for married minors; (3) the charges were unconstitutional "as applied" because Joshi's conduct did not affect interstate commerce; (4) Count I (production of child pornography) was unconstitutional "as applied" because Joshi's conduct was not "for the purpose" of producing or possessing images of a minor engaged in sexually explicit conduct; and (5) Count

II (transporting a minor across state lines with the intent to engage in criminal sexual activity) was unconstitutional "as applied" because the married couple's activity was legal.

In response to the motion (Crim. Doc. 199), the Government supplied persuasive authority holding that child pornography enjoys no constitutional protections. *United States v. Wilson*, 565 F.3d 1059, 1069 (8th Cir. 2009) (rejecting a mistake-of-age defense); *United States v. Buttercase*, 2014 WL 7331923, at *5 (D. Neb. Dec. 19, 2014) (citing *Wilson* and rejecting a marriage defense). The Government further noted that the Internet is a means of interstate commerce, and Joshi's purpose and intent were questions for the jury. The Government denied the existence of a valid marriage based on the timing and circumstances of the purported decree and M.D.'s statements. Joshi's motion remained pending until April 2020, when he withdrew it in light of the parties' plea agreement. (Crim. Doc. 240).

Joshi now asserts that his lawyers were ineffective for abandoning his defense theory that the charges against him were unconstitutional as applied to the facts of this case. Joshi's habeas motion contains multiple claims under this heading. First, Joshi reprises verbatim several pages of defense counsel's motion to dismiss to re-argue that the charges against him were unconstitutional because he and M.D. were married. Joshi further asserts that the Government engaged in prosecutorial misconduct by attempting to verify or impeach the evidence of the marriage, and that defense counsel was ineffective for failing to object to the violation of his constitutional rights. Joshi also claims that he never engaged in oral sex with M.D. in Missouri and that defense counsel was ineffective for failing to object to the Government's account of the facts during the plea hearing.

These claims are facially inadequate and also refuted by the record. As the Government notes in its response, counsel did advance the legal arguments that Joshi now accuses counsel of

failing to raise. Joshi's assertion that counsel failed to understand the law as applied to the facts of his case is belied by substance of the motion to dismiss. (Crim. Doc. 118). And counsel did not "abandon" these arguments, as Joshi suggests; rather, the motion to dismiss became moot and was therefore withdrawn when the parties reached a plea agreement. (Crim. Doc. 240). The Court finds counsel's performance entirely competent.[3] Further, at the plea hearing, Joshi confirmed that counsel did everything he wanted them to do, he was satisfied with their services, and he was entering the plea knowingly and voluntarily. (Crim. Doc. 307 at 13-15). There is nothing in the record to support Joshi's claim that counsel's performance rendered his plea unknowing or involuntary in relation to his constitutional defense. Joshi's assertion that the Government engaged in prosecutorial misconduct by scrutinizing the validity of the purported marriage is equally unavailing, particularly insofar as M.D. herself denied it. (Crim. Doc. 223 at 2-3).

Though Joshi now denies that any sexual activity occurred in Missouri, as relevant to the charge of transporting a minor across state lines, the plea hearing transcript reflects that Joshi admitted to transporting M.D. from Kentucky to Missouri and engaging in sex acts in Missouri. (Crim. Doc. 307 at 27-29). At sentencing, Joshi briefly equivocated but ultimately confirmed that the plea agreement was correct. (Crim. Doc. 308 at 10-11). The Court questioned Joshi at length about the accuracy of the plea agreement and his understanding of its terms. Counsel is not ineffective for failing to raise frivolous objections. *Jarrett v. Ramey*, 2023 WL 2631518, at *10 (E.D. Mo. Mar. 24, 2023). Additionally, at sentencing, counsel argued vigorously that the couple's travel to Missouri was not for the purpose of sex. (Crim. Doc. 308 at 25-27). In the Court's view,

---

[3] In a separate section of his operative habeas motion, Joshi repeats this claim that counsel was ineffective for filing and subsequently abandoning a deficient motion to dismiss. (Doc. 10 at 23-24). The Court need not revisit this ground twice here. Moreover, Joshi appears to have abandoned this claim in later versions of his habeas motion accompanying his motion to amend. (Doc. 24, 31).

counsel's performance was quite competent. Joshi's claim that his plea was unknowing is squarely refuted by the record. Moreover, the transporting charge was dismissed, and Joshi received a significant downward variance on the sole count of distribution included in the plea agreement. Joshi does not claim that he would have proceeded to trial but for this alleged discrepancy on a dismissed charge. As such, he cannot demonstrate prejudice.

### Lifetime Supervision

Next, Joshi asserts that counsel was ineffective for failing to object to his life term of supervised release. He claims that the plea agreement is silent on this issue and counsel failed to disclose all sentencing mandates. This claim is squarely refuted by the record. The plea agreement explicitly states that the "Court may also impose a period of supervised release of not more than **life** and not less than five years." (Crim. Doc. 265 at 7) (emphasis in original). This provision was specifically referenced at the plea hearing, and Joshi confirmed his understanding. (Crim. Doc. 307 at 29, 34). Joshi's characterization of supervised release as a lifetime of confinement is simply inaccurate.

Further, Joshi's counsel advocated effectively on his behalf with respect to sentencing matters left to the Court's discretion. Counsel competently raised numerous objections to the Presentence Investigation Report and the Government's proposed conditions of release and zealously argued Joshi's positions at the sentencing hearing. (Crim. Doc. 268, 308). The Court's imposition of a lifetime term of supervision, in spite of counsel's efforts, is not a reflection on counsel's performance but rather a discretionary determination based on the Court's view of the totality of circumstances in the case. Counsel's performance was entirely competent.

Joshi also argues that his plea was unknowing because the plea agreement states that neither party would request a sentence above or below 96 months pursuant to the sentencing

guidelines "or any other provision or rule of law." (Crim. Doc. 265 at 2). Joshi asserts that this language is ambiguous, so his plea with respect to sentencing was unknowing. Joshi fails to understand that this sentence actually protects him from any attempt by the Government to depart from the agreed sentence by invoking other provisions of law.

Lastly here, Joshi supplies no authority for his assertion that supervised release somehow violates the Separation of Powers and Non-Delegation doctrines. *See generally United States v. Haymond*, 139 S. Ct. 2369, 2387 (2019) (noting that supervised release has been part of the federal criminal justice system since 1984); *United States v. Hobbs*, 710 F.3d 850 (8th Cir. 2013) (affirming supervised release after defendant pleaded guilty to possessing child pornography).

**Elements of the Offense**

Additionally, Joshi asserts that his counsel was ineffective for failing to understand the elements of the crime of distributing child pornography under 18 U.S.C. § 2252A. As charged here, a person violates the statute by knowingly distributing child pornography through interstate commerce. Child pornography means any depiction involving the use of a minor (i.e., a person under age 18) engaging in sexually explicit conduct, the definition of which includes a lascivious exhibition of a person's genitals or pubic area. 18 U.S.C. § 2256. "Lascivious exhibition" requires consideration of the following factors:

> (1) whether the focal point of the picture is on the minor's genitals or pubic area; (2) whether the setting of the picture is sexually suggestive, that is, in a place or pose generally associated with sexual activity; (3) whether the minor is depicted in an unnatural pose or in inappropriate attire, considering the age of the minor; (4) whether the minor is fully or partially clothed, or nude; (5) whether the picture suggests sexual coyness or a willingness to engage in sexual activity; (6) whether the picture is intended or designed to elicit a sexual response in the viewer; (7) whether the picture portrays the minor as a sexual object; and (8) the caption(s) on the picture(s).

*United States v. Dost,* 636 F. Supp. 828, 832 (S.D. Cal.1986); *United States v. Wallenfang*, 568 F.3d 649, 657 (8th Cir. 2009); Eighth Circuit Model Pattern Instruction 6.18.2252A (2021). An

image need not involve all of these factors to constitute a lascivious exhibition; rather, it is for the fact-finder to decide the weight to be given to any of these factors. *Wallenfang*, 568 F.3d at 657. The inquiry is always case-specific. *Id*. at 658.

Joshi contends that he did not knowingly distribute child pornography because (1) the images in question do not qualify as child pornography by application of the *Dost* factors and (2) he did not realize that the video chat image he captured was sent to M.D. These claims lack any plausible merit. The images in question readily satisfy multiple *Dost* factors. Any argument by counsel to the contrary would have been frivolous. And the record lacks any evidence supporting Joshi's claim that he was unaware of the distribution. Rather, the plea agreement specifically states that Joshi admitted to knowingly distributing to M.D. video and still images of self-produced child pornography. (Crim. Doc. 265). And Joshi confirmed to the Court at the plea hearing and again at sentencing that he understood the elements. (Crim. Doc. 307 at 23, 308 at 8). Though Joshi attempts to frame this claim as one of ineffectiveness, he in fact challenges the merits of the Government's indictment. His factual challenges are squarely refuted by the underlying record.

Joshi also asserts that counsel was ineffective for failing to object to the use of the word "child" to describe M.D., implying that such a characterization was prejudicial. This, too, is unavailing. As stated above, by definition, "child pornography" involves a minor, i.e., a person under the age of 18. The Government's word choice was accurate, and any objection would have been frivolous. Counsel is not ineffective for failing to raise unmeritorious objections. *Clemons v. Steele*, 2011 WL 5912617, at *8 (E.D. Mo. Nov. 28, 2011).

**FOIA Waiver**

Pursuant to the guilty plea agreement, Joshi waived his rights to obtain information about the Government's investigation and prosecution of the criminal case under FOIA or the Privacy

Act.  5 U.S.C. §§ 552 and 552a.  (Crim. Doc. 265 at 10).  Joshi now contends that counsel was ineffective for failing to discuss this provision with him and for failing to object to it on grounds of unconstitutional ambiguity.  He argues that the Government's files could be relevant to support a claim of prosecutorial misconduct.  In response, the Government notes that this waiver is a standard provision of plea agreements in this district, and Joshi fails to establish how counsel's performance was ineffective in this regard or how he was prejudiced as a result.

Joshi provides no support for his assertion that this standard FOIA waiver is unconstitutionally vague.  It is well-settled that FOIA rights are waivable.  *Barnes v. Fed. Bureau of Investigation*, 35 F.4th 828, 831 (D.C. Cir. 2022); *Price v. U.S. Dep't of Justice Attorney Office*, 865 F.3d 676, 679 (D.C. Cir. 2017). The Court finds no deficiency in counsel's performance for failing to object to the waiver.  And while the Court did not specifically cite this paragraph during the plea hearing, Joshi confirmed that he reviewed and understood the entire plea agreement.  Joshi does not claim that he would not have pleaded guilty and instead would have proceeded to trial if only counsel had explained this standard term.

**Motion to Amend**

Finally, Joshi seeks leave to add another claim on the basis of "newly discovered evidence" in the form of M.D.'s separate civil lawsuit seeking statutory and punitive damages under 18 U.S.C. § 2255.  (Doc. 23).  On this proposed new claim, Joshi asserts that his lawyers were ineffective for failing to advise him of the possibility of civil liability as a consequence of his guilty plea and, therefore, that his plea was unknowing and involuntary.  He states that he believed the $800,000 restitution payment to constitute the totality of his liability, and he would not have pleaded guilty but instead would have proceeded to trial had he known of the potential for additional liability.

In response to Joshi's motion to amend, the Government notes that M.D. is not a party to the plea agreement and thus not limited by its terms, which permit even the Government to take other civil action against him. The Government further argues that the restitution payment comprised only the mandatory obligation under 18 U.S.C. § 2259(a) but does not preclude a civil suit.

Upon review, the Court concludes that Joshi's proposed amendment does not constitute a colorable basis for habeas relief because civil liability under 18 U.S.C. § 2255 is not a direct consequence of his guilty plea. In order for a plea to be voluntary and intelligent, a defendant must be informed of the direct consequences of the plea. *George v. Black*, 732 F.2d 108, 110 (8th Cir. 1984) (holding that civil commitment is not a direct consequence of a guilty plea). A defendant need not be informed of every indirect or collateral consequence. *Id*. The distinction between a direct and collateral consequence turns on whether it has a definite, immediate, and largely automatic effect. *Compare Padilla v. Kentucky*, 559 U.S. 356, 369 (2010) (holding that automatic deportation is a direct consequence). Failure to advise a defendant of a mere potential collateral consequence of a guilty plea does not give rise to a claim of ineffective assistance of counsel. *See e.g., Fugitt v. United States*, 2016 WL 1305950, at *3 (E.D. Mo. Apr. 1, 2016) (noting that civil liability is not an automatic consequence of a guilty plea); *Rasheed v. Lawrence*, 2017 WL 4011135, at *3 (E.D. Mo. Aug. 21, 2017) (denying a habeas claim where counsel failed to advise the defendant that his plea could be used in a subsequent prosecution in state court).

M.D.'s civil lawsuit is plainly a collateral event, initiated by a non-party to the plea agreement. Counsel cannot be deemed ineffective for failing to advise Joshi of the speculative possibility of a civil suit. Moreover, Joshi had reason to know that his restitution payment in the criminal case would not foreclose additional liability. At sentencing, Joshi acknowledged his

ongoing child support obligations, and the plea agreement explicitly left open the possibility of further civil action by the Government. (Crim. Doc. 265 at 11).

Where an amendment to a habeas petition would be futile, the court may deny the motion for leave to amend. *Strayhorn v. United States*, 2021 WL 3186536, at *3 (E.D. Mo. July 28, 2021). The Court will therefore deny Joshi's leave to amend his habeas motion to add this new claim.

## CONCLUSION

The Court may dismiss a claim without an evidentiary hearing if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based. 28 U.S.C. § 2255(b); *Shaw*, 24 F.3d at 1043. Joshi's claims are facially inadequate and refuted by the underlying record. As such, his motion to vacate will be denied without an evidentiary hearing.

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Applying relevant legal standards to the particular facts of this case, the Court finds that Joshi has not made a substantial showing of the denial of a constitutional right. Consequently, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to amend is **DENIED**. (Doc. 23).

**IT IS FURTHER ORDERED** that Petitioner's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 is **DENIED**. (Doc. 1, 10).

**IT IS FINALLY ORDERED** that no certificate of appealability will issue.

A separate judgment will accompany this Memorandum and Order.

Dated this 21st day of August 2023.

*/s/ John A. Ross*
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE