**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ASHU JOSHI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:21CV1253 JAR |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Ashu Joshi's Motion to Alter or Amend. ECF No. 35. For the reasons set forth below, Petitioner's Motion will be denied.

**Background**

The background of this case has been set out in detail in the Court's previous order [ECF No. 33] and is incorporated by reference herein. Briefly, on October 7, 2020, this Court sentenced Defendant to 96 months imprisonment and supervised release for life after he pleaded guilty to the crime of Distribution of Child Pornography in connection with his interactions with a 16-year-old girl from Kentucky ("M.D.").[1] Petitioner timely filed and later amended a motion to vacate his sentence, pursuant to 28 U.S.C. § 2255, asserting five claims of ineffective assistance of counsel ("§ 2255 Motion"). ECF Nos. 1 and 110. On August 21, 2023, the Court denied Petitioner's § 2255 Motion. ECF Nos. 33 and 34. On September 19, 2023. Petitioner filed the instant motion to alter or amend the Court's Order and Judgment denying his § 2255 Motion. The Court interprets Petitioner's Motion to be one filed pursuant to Rule 59(e).

---

[1] *United States v. Joshi*, Case No. 4:18CR876 JAR.

**Legal Standard**

"A district court has broad discretion in determining whether to grant or deny a motion to alter or amend judgment pursuant to Rule 59(e)." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006).  "Rule 59(e) motions serve the limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence.'" *Id*. (quoting *Innovative Home Health Care v. P. T.-O. T. Assoc. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998)). "Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment." *Bracht v. Grushewshy*, No. 4:04CV1286 HEA, 2007 WL 43847, at *1 (E.D. Mo. Jan. 4, 2007) (quoting *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988)).

**Discussion**

Petitioner argues that the instant motion should be granted because there is a manifest error of law and fact as it relates to his relationship with M.D. Petitioner asserts that he and M.D. were lawfully married in the State of Kentucky, and the Court improperly relied on the Government's assertion that the marriage was invalid, which is barred under the *Rooker-Feldman* doctrine. Petitioner also argues there is a mistake of fact because the Court held that the motion to dismiss in the underlying case was withdrawn after a plea agreement was reached, when conversely, his counsel abandoned the arguments made in the motion.

In his § 2255 Motion, Petitioner raised multiple claims relating to ineffective assistance of counsel based on his lawyer's failure to raise the argument that Mo. Rev. Stat. § 566.061 (criminalizing sex with a minor) is unconstitutional as applied to him because he and M.D. were purportedly married at the time in question, including counsel's "abandoned" arguments related to the motion to dismiss. Petitioner also alleged the Government engaged in prosecutorial

misconduct for attempting to verify or impeach the evidence of the marriage. The Court found that these claims were facially inadequate and completely refuted by the record. ECF No. 33 at pp. 4-6.

Here, Petitioner has not presented newly discovered evidence or a manifest error of law or fact as required under Rule 59(e). Petitioner instead attempts to persuade the Court to grant relief from its findings and conclusion denying his § 2255 Motion by relitigating the same issues raised therein. A Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. *See* 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 163-164 (3d ed. 2012) (Wright & Miller); accord, *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485-456, n. 5 (2008) (quoting prior edition). Thus, there is no basis to alter or amend the Court's Order and Judgment denying his § 2255 Motion.

**Conclusion**

Based on the reasons stated above, Petitioner's Motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Ashu Joshi's Motion to Alter or Amend the Court's Order and Judgment denying his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [ECF No. 35] is **DENIED**.

Dated this 23rd day of April, 2024.

_John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**